Per Curiam.

In a declaration, certainty to a common intent is sufficient. (Cowp. 682.) It is like the case of Connor v. Connor, (2 Wils. 386,) where John Connor, of Friday street, declared on a bond against John Connor, of Barnett, but the addition to the defendant’s name was not repeated afterwards in the declaration, and the defendant, after craving oyer, demurred specially, because it did not appear which John Connor executed the bond; but the court decided that there was sufficient certainty appearing on the record that John Connor, of Barnett, was indebted on a bond to John Connor, of Friday street, and gave judgment for the plaintiff. So in the present case, it appears with sufficient certainty, that James Harvey executed a bond to James Hilldreth, and as James Hilldreth complains thereon of James Harvey, it must be intended that the latter is the person in custody.
This is a proceeding according to the provision in the act, in regard to joint debtors, (see 24 sess. c. 90, s. 13,) “ that the creditor may issue process against joint debtors, in the manner now in use; and in case any of such joint debtors be taken, and brought *into court, he or they so taken and brought into court shall answer to the plaintiff; and in case judgment shall pass for the plaintiff, he shall have his judgment on execution, against such of them as were brought into court, and against the other joint debtors named in the process, in the same manner as if they had all been taken and brought into court, by virtue of such process,” &c. The defendants in the present ease were joint debtors, and the plaintiff declares against both of them in the same manner as if both had been taken ; and only one was taken and brought into court. It appears certain, to a general intent, from the facts and the averment, that one defendant was in custody and the other returned not found; that process did issue in the suit, and that by virtue thereof, one *340 of the defendants was returned not found. Pleadings are to receive, if the words will admit it, a reasonable intendment, and are to be construed secundum subjectam materiam. There must be judgment for the plaintiff.(a)
Judgment for the plaintiff.

(a) See Stephens on Pleading, Am. ed. 1837,380; 1 Chitty’s.Pleading, Am. ed. 1828, 249, 250, 254, et sei¡. The Code of Procedure of New York requires that “ the complaint,” (or declaration) shall contain 1. The title of the cause, specifying the name of the court in which the action is brought, the name of the county in which the plaintiff desires the trial to he had, and the names of the parties to the action, plaintiff and defendant. 2. A statement of the facts constituting the cause of action, in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended. 3. A demand of the relief, to which the plaintiff supposes himself entitled. If the recovery of money be demanded, the amount thereof shall be stated. (Code of Procedure, 5 120.)